## JAMES C. PALMER *v.* STATE OF MARYLAND

[No. 291, September Term, 1973.]

*Decided January 9, 1974.*

The cause was argued before THOMPSON, DAVIDSON and LOWE, JJ.

*Thomas Ward* for appellant,

*George A. Eichhorn, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *C. Keith Meiser, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

James C. Palmer, the appellant, was convicted of escape by Judge Milton Gerson, sitting without a jury in the Criminal Court of Baltimore. Judge Gerson imposed a five (5) year sentence to run consecutive to a term of twenty (20) years he was then serving.

Appellant, though only thirty-six (36) years old, has achieved to date an abundant and intimate acquaintance with our system of criminal justice. Over the last twenty (20) years, he has been convicted, *inter alia,* for larceny after trust, larceny (on four separate occasions), assault, attempted forgery, forgery, conspiracy and uttering checks, burglary, daytime housebreaking, two counts of armed robbery, and escape from the Maryland House of Correction. On appeal, the appellant seeks to overturn his most recent conviction for escape upon the technical grounds that he was not adequately apprised of his constitutional rights at trial.

On April 17, 1968, appellant was convicted on two charges of armed robbery and was sentenced to concurrent twenty (20) year terms. While serving that sentence, appellant was interned at O'Brien House, a Community Vocational Rehabilitation and Release Center in Baltimore City. Appellant took his leave of this minimum security facility by escaping on August 28, 1971.

The trial for escape commenced on March 23, 1973. Counsel for appellant, in open court and in appellant's presence, waived a reading of the indictment stating, "... We are familiar with the charge." Counsel entered, what he termed, a "technical plea of not guilty." Judge Gerson addressed the appellant and received an express waiver of jury trial. A stipulation of facts, which encompasses the State's case, was entered. The State's Attorney recited the State's evidence which is detailed above. After the stipulation was recited, defense counsel expressly agreed with the facts. Appellant was then advised as to his right not to testify. Judge Gerson asked appellant, if he desired to take the witness stand with regard to the case, to which appellant responded, "Everything he said [reading of the stipulation] is true." The court rendered its verdict of guilty.

This appeal questions whether appellant effectively waived his Sixth Amendment right to confront witnesses, with the derivative right to cross-examine, by entering, through counsel, a stipulation to a statement of facts which comprised the State's case.[1] The case involves procedure rather than substantive rights. It concerns whether or not direct appeal presents the proper time and place for a defendant in a criminal case to question the binding effect of his counsel's stipulation to all of the facts in the prosecution's case, when the defendant sat silently by and made no objection to the stipulation at the trial. We hold the proper time and place is provided for under the Uniform Post Conviction Procedure Act. Md. Code, Art. 27, § 645A-645J.

---

1. Appellant questions also, whether he effectively waived his right to a jury trial and his right to testify in his own behalf. The facts above evidence that he did so waive.

In Maryland, a defendant can properly enter only four pleas in a criminal case: not guilty, not guilty by reason of insanity,[1A] guilty or, with the consent of the court, *nolo contendere*. We have construed *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969) to require, when a guilty plea is entered, that the record on direct appeal show, among other things, a personal waiver of the right of confrontation, the right to a jury trial and an understanding that at trial the accused would not have to testify, with no unfavorable inference to be drawn therefrom. *English v. State*, 16 Md. App. 439, 441-42, 298 A. 2d 464 (1973), *cert. granted*, 268 Md. 748, *dismissed*, July 3, 1973. We have applied the same rule, of affirmative disclosure from the record, when a plea of *nolo contendere* is filed. *McCall v. State*, 9 Md. App. 191, 201, 263 A. 2d 19 (1970), *cert. denied*, 258 Md. 729. We eschew further emburdening court proceedings with such talismanic ritual. *See State v. McKenzie*, 17 Md. App. 563, 569, 303 A. 2d 406 (1973). We decline to extend the rule under discussion to embrace stipulations of facts, even of the entire facts, when the accused has entered a not guilty plea.

Our decision is supported by *State v. Zimmerman*, 261 Md. 11, 273 A. 2d 156 (1971), in which the Court of Appeals of Maryland considered the question of waiver of a jury trial in a case identical to the legal posture of the present case. The Court concluded that a question of waiver could be raised only in post conviction proceedings. *See also State v. McKenzie, supra* at 589-90, wherein we held, that the waiver of the right not to testify, after a plea of not guilty, was a question of trial tactics and that waiver by trial counsel would ordinarily be binding upon the accused, if no objections were raised at trial.

Our holding, that there is a difference between what the record on direct appeal must show as to waiver of confrontation, when a guilty plea is entered as distinguished from when a not guilty plea is entered, is supported by reason as well as authority. When a guilty plea was entered,

---

**1A.** Under Md. Code, Art. 59, § 25 (b) this plea should now read, "the defendant was insane at time of the commission of the alleged crime."

at trial in Maryland, before *Boykin's* ritualized recitations, there was frequently nothing in the proceedings to show that the accused had any knowledge of his state or federal constitutional right, *eo nomine*, to require that his accusers confront him. *Church a/k/a Holland v. State,* 5 Md. App. 642, 645, 248 A. 2d 907 (1969), *cert. denied,* 253 Md. 733; *Cooper v. State,* 5 Md. App. 638, 640, 248 A. 2d 905 (1969), *cert. denied,* 253 Md. 733. On the other hand, it has been consistently held when this right is waived after a not guilty plea, that there must be a showing in the record that counsel in the presence of the accused, has expressly waived the right of confrontation. *Waller v. Director,* 244 Md. 229, 231, 223 A. 2d 265 (1966).

If the question is presented on post conviction, appellant will be permitted to show, although it appears doubtful that he can: (1) that the stipulation was against his will, *Brookhart v. Janis,* 384 U. S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966), or (2) that he had no knowledge, however acquired, of his right to confrontation of the witnesses against him. *Johnson v. Zerbst,* 304 U. S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938).[2]

Appellant also claims unconstitutional prior convictions were used against him in violation of *Burgett v. Texas,* 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967). No objection was made below, therefore, the question is not before us. Md. Rule 1085. *Bailey v. State,* 263 Md. 424, 283 A. 2d 360 (1971); *Johnson v. State,* 9 Md. App. 166, 263 A. 2d 232 (1970). His claim that the evidence was insufficient to support the conviction is frivolous.

*Judgment affirmed.*

---

2. It is possible that at some future time, stipulations of entire facts will be considered trial tactics. *See State v. McKenzie, supra* at 590 n. 16; *Poole v. Fitzharris,* 396 F. 2d 544 (9th Cir. 1968). At this point we are not prepared to so hold.