# STATE OF MARYLAND v. JOHN ROLLAND SIRBAUGH

[No. 818, September Term, 1974.]

*Decided June 27, 1975.*

The cause was argued before MORTON, DAVIDSON and MOORE, JJ.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr.,* State's *Attorney for Prince George's County,* and *Richard Arnold, Assistant State's Attorney for Prince George's County,* on the brief, for appellant.

*Marvin B. Miller,* with whom were *Blackwell, Miller, Markey & Hoffman* on the brief, for appllee.

MORTON, J., delivered the opinion of the Court.

The appellee, John Rolland Sirbaugh, was charged in a seven-count criminal information with manslaughter by automobile and various other motor vehicle violations. His case came on for trial before a jury in the Circuit Court for Prince George's County (McCullough, J., presiding). At the conclusion of the entire case, Sirbaugh made a motion for judgment of acquittal. The trial judge announced: "I am going to reserve ruling on your motion." The case thereupon was submitted to the jury.

After the jury had been deliberating several hours, the trial judge was advised that one of the members had become ill and could not continue to participate in the deliberations. According to the transcript:

> "(* * * At 9:30 o'clock p.m. a note was sent from the jury after which Court reconvened and the following proceedings were had before the Court and the Jury)
>
> THE COURT: Counsel, it's obvious to me after seeing Mrs. Turman's physically unable to continue to serve on this jury. It therefore appears we only have eleven jurors, and the State and the Defendant are entitled to a verdict of twelve jurors.
>
> I do not believe the Court need respond to the note from the jury, because the Court sees no other alternative other than to declare this a mistrial, and the Court does declare this to be a mistrial and discharges you, Mr. Foreman and ladies and gentlemen of the jury, from your service in this case.
>
> * * *
>
> "(Whereupon the jury left the courtroom, after which the following proceedings were had)
>
> THE COURT: Now, the Court at the conclusion

of the case reserved ruling on the defendant's motion for a judgment of acquittal. The Court concludes that the accident, that the death of Patricia Ann Clark was as a result of the injuries she sustained in this accident. The Court further concludes that this vehicle driven by the defendant, Mr. John Rolland Sirbaugh, was the vehicle that caused the injuries sustained by Miss Clark that resulted in her death.

In reviewing the evidence the Court is unable to find that the defendant was speeding or that speed was a factor in this accident, and from all of the facts the Court is unable to conclude that the manner in which the defendant operated the car would constitute gross negligence and that the conduct of the defendant does not amount to the wanton or reckless disregard of human life or for the rights of others.

Accordingly, the Court will grant the defendant's motion for a judgment of acquittal on the first count of the indictment, manslaughter by automobile, and deny the motion for judgment of acquittal on all of the remaining counts.

Mr. Bailiff, you may announce adjournment of court."

Sometime later the State filed a one-count criminal information charging Sirbaugh, as it had under the first count of the original information, with manslaughter by automobile. Sirbaugh filed a motion to dismiss the second information on the ground of double jeopardy. After a hearing in open court, Judge William B. Bowie granted Sirbaugh's motion to dismiss the information. The State has taken this appeal contending that it was error to grant the motion to dismiss on the ground of double jeopardy.

In the brief submitted to this Court, appellee Sirbaugh states:

"The Appellee finds no quarrel with the Appellant's argument regarding the State's right to

appeal or with the Appellant's argument that the Double Jeopardy prohibition of the Fifth Amendment of the United States Constitution applies to the State of Maryland. Nor does the Appellee take exception to the Appellant's argument as to when jeopardy attaches as established in the cases of *Blondes v. State*, 19 Md. App. 714, and *Neal v. State*, 272 Md. 323. Further, the Appellee agrees that normally, '* * * jeopardy is dissipated by the declaration of a mistrial, in the absence of any abuse of discretion.' *Neal v. State*, 272 Md. 327.

Furthermore, the Appellee concedes that Judge McCullough acted properly in declaring a mistrial because of the illness of one of the jurors.

Thus, we are left with the ultimate question in this appeal: Did the trial Judge have the power to grant the Appellee's Motion for a Judgment of Acquittal after declaring a mistrial, where the trial judge had taken the Motion under advisement."

Maryland Rule 563 a 2 provides:

"2. Reservation of Decision on Motion for Directed Verdict — Effect.

Where the court reserves decision on a motion for a directed verdict, and submits the case to the jury, that action by the court operates as a motion for judgment [N.O.V.] under this Rule."

It is clear, however, that this Rule does not apply to criminal cases and Sirbaugh so concedes. And it is clear that the Maryland Rules make no provision for judgment N.O.V. in a criminal case tried before a jury. *Williams v. State*, 4 Md. App. 558.

In *Vuitch v. State*, 10 Md. App. 389, 396, Chief Judge Murphy (then Chief Judge of this Court), quoting from *Devers and Webster v. State*, 9 Md. App. 366, said:

" 'When a motion for judgment of acquittal is made in a jury case it is the function of the lower

> court to determine whether or not the evidence
> before it is sufficient in law to sustain a conviction.
> If it determines that it is, it should deny the mo-
> tion and submit the case to the jury; if it deter-
> mines that it is not, it should grant the motion
> and the case does not reach the jury.* * *' "

Thus, in a criminal jury case, the trial judge has two options: (1) grant a motion for judgment of acquittal, or (2) deny the motion and submit the case to the jury. He has no authority to reserve his ruling on the motion for judgment of acquittal and at the same time submit the case to the jury. If he follows such a course, it is tantamount to denying the motion.

We think, however, the simple answer to the factual situation presented in this appeal is found in the action of the trial judge in declaring a mistrial and then endeavoring to make a ruling on the motion for judgment of acquittal, which ruling he had previously purported to reserve. It is clear that such action was a nullity since once he had declared a mistrial and dismissed the jury, he lost all authority to take any action in the case. The declaration of the mistrial and the dismissal of the jury ended the trial and ended the judge's participation therein. Thus, his pur- ported ruling on the motion was completely ineffectual and meaningless.

With the concession of the appellee that the trial judge acted properly in granting the mistrial (*Cornish v. State*, 272 Md. 312) it, thus, effectively dissipated the jeopardy to which appellee had been subjected (*Neal v. State*, 272 Md. 323; *Baker, Whitfield and Wilson v. State*, 15 Md. App. 73). We have no alternative than to find that it was error to grant the appellee's motion to dismiss the second criminal information on the ground that the trial thereon would place the appellee twice in jeopardy thereby violating his Fifth Amendment right under the federal constitution. *See Jones v. State*, 17 Md. App. 504.

> *Order granting motion to dismiss,
> reversed and case remanded for
> trial; costs to be paid by
> appellee.*