JOHN HENRY COUSER *v.* STATE OF MARYLAND

[No. 794, September Term, 1975.]

*Decided May 6, 1976.*

402

The cause was argued before THOMPSON, MENCHINE and LOWE, JJ.

*Richard M. Karceski, Assigned Public Defender,* with whom was *Harold I. Glaser* on the brief, for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *Arthur Cheslock, Assistant State's Attorney for Baltimore City* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Henry Couser, the appellant, was convicted of possessing heroin by the Criminal Court of Baltimore, Judge John Hargrove presiding without a jury. He was sentenced to a four year term. The contentions on appeal will be set out separately after a brief statement of the facts.

It was stipulated that Detective David Harris and Sergeant Newman would testify that after receiving certain information from an informant they began surveying the entrance way to an alley near Pennsylvania Avenue in the City of Baltimore. They observed the appellant, Couser, enter the alley and disappear from the view of the officers for approximately three minutes, when he reappeared and met with an unknown person. The unknown person and the appellant then parted in opposite directions. A few minutes

later the officers resumed their surveillance from the rear of the alley. Soon thereafter they saw the appellant re-enter the alley and walk to the rear of the buildings, again disappearing from their view for approximately one minute before reappearing between two buildings. This time the officers exited their police vehicle. When they were approximately six feet from the appellant, they ordered him to stop, identifying themselves as police officers. Appellant began to run and dropped a package containing two glassine bags of white powder, later identified as heroin. One of the officers picked up the two bags while the other ran after the appellant and apprehended him within a few minutes. The officers searched the general area of the alley for 45 minutes hoping to find a "stash", which is a street term for hidden narcotics. The search proved fruitless.

Thereafter the appellant testified, denying that he dropped the heroin and giving a legally innocent explanation for his two trips into the alley. On rebuttal, the State called Detective David Harris to the stand who supported the statement given by the State's Attorney at the beginning of the trial.

I.  The appellant was improperly advised of the jury's function in determining his guilt or innocence should he have elected a trial by jury.

At the beginning of the trial, appellant's counsel informed the court that the defendant elected a trial before the judge. Thereafter, in attempting to let the record establish that the election was the personal election of the accused, the following transpired:

> "Mr. Kroop: Now, furthermore, I have told the Court that we agreed to waive a trial by jury. I have explained to you and think you are aware that a jury consists of twelve persons that would sit there in the jury box. Each of those twelve people would be selected at random from the community of Baltimore City. The jurors would be comprised of men, women, all different races, creeds, colors and religions. They would also have to all agree beyond

a reasonble doubt that you were in fact either guilty or not guilty. If all twelve of them did not agree — You could never be found guilty unless all twelve agreed. Do you understand that?

"Mr. Couser: Yeah.

"Mr. Kroop: Now, I want to explain that instead of a jury trial Judge Hargrove will listen to the facts and he, and he alone, will make a decision as to whether or not you are guilty of any of these charges in the first or second count. Do you understand that?

"Mr. Couser: Yeah."

Appellant points to the error in the information furnished by his counsel that the jurors would have to agree beyond a reasonable doubt that he was not guilty and alleges that this misinformation vitiated his election to have the case tried before the court. We do not agree.

*State v. Zimmerman*, 261 Md. 11, 273 A. 2d 156 (1971) established that a post conviction proceeding is usually the proper way to determine the validity of a waiver of a jury trial. We think this case illustrates the sound reasoning of *Zimmerman, supra.* Whether or not the single misstatement in counsel's explanation of a jury trial was sufficient to mislead the appellant depends on what information counsel had imparted to the accused prior to trial and what information the accused had otherwise acquired. In view of the appellant's extensive involvement in many prior criminal proceedings, as shown by the record, it is not likely appellant was actually misled, but if he were he is free to establish that fact in post conviction procedures.

II. The appellant's waiver of his right to a trial by jury, if intelligently made, was coerced by the state's threat to bring the appellant to trial on a separate, unrelated charge, criminal information number 27400360.

The appellant alleges because the State agreed to, and did, *nol. pros.* an unrelated charge as part of an agreement to

stipulate what the police officers' testimony in chief would be, he was coerced into agreeing to the stipulation. As the appellant concedes in oral argument such a ruling would be tantamount to holding that plea bargaining is illegal. We decline to so hold.

Plea bargaining has been approved inferentially by the Supreme Court of the United States, *Santobello v. New York*, 404 U. S. 257, 92 S. Ct. 495, 30 L.Ed.2d 427 (1971), by the Court of Appeals of Maryland, *Miller v. State*, 272 Md. 249, 322 A. 2d 527 (1974), and by this Court, *Sturgis v. State*, 25 Md. App. 628, 336 A. 2d 803 (1975). In the instant case there were two unrelated charges pending against appellant. In return for appellant agreeing to proceed on partially stipulated evidence, a *nol. pros.* was entered on the second charge. We see no coercion. It was a simple agreement which was kept by the prosecutor. If an accused can enter a guilty plea in return for a prosecutor's agreement to dismiss a second charge, it is obvious there is nothing improper in his agreeing to accept stipulated testimony in return for the same promise. *Sturgis, supra.*

III. The appellant was not properly advised, nor did he waive or acquiesce in the procedure of stipulating to the State's case in chief.

Under this heading, the appellant contends that the waiver was improper because he was not advised in open court that he would have a right to a hearing to suppress the contraband seized and oral statement given. He relies on *Brookhart v. Janis*, 284 U. S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966), which he contends held that a stipulated statement of facts was tantamount to a plea of guilty and therefore the accused must be advised of all of the rights set out in *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), wherein it was held that an accused entering a guilty plea must be advised and understand his right to a jury trial, his right to be confronted by the witnesses against him and that in such a trial the fact that he did not testify could not be used to infer guilt. We are aware of no court that has held that an accused must be further advised as to the

manifold rights he waives by entering a guilty plea. We hold there is no necessity for the trial judge to advise an accused of his rights to a hearing  to suppress evidence prior to acceptance of a guilty plea or prior to the accused's agreement to be tried on stipulated facts. In *Palmer v. State*, 19 Md. App. 678, 680, 313 A. 2d 698 (1974), *cert. denied*, 271 Md. 742, we held that the proper time to present a *Brookhart v. Janis, supra*, question was on post conviction proceedings.

We note that the case was not tried on an agreed statement of facts but was tried simply on the stipulation that the police officers' testimony in chief would be received by stipulation. *See Barnes v. State*, 31 Md. App. 25, 354 A. 2d 499 (1976).

IV. The failure of the trial court to rule on the appellant's motion for a judgment of acquittal at the conclusion of the entire case makes the entry of the trial court's guilty finding a nullity.

The second count of the criminal information charges the appellant with simple possession of heroin. The trial judge did not specifically rule upon the appellant's motion for a judgment of acquittal,[1] but found a verdict of guilty on that count. In the recent case of *State v. Sirbaugh*, 27 Md. App. 290, 294, 339 A. 2d 697 (1975), this Court stated that the failure of a trial judge to rule on a motion for acquittal in a jury trial was equivalent to a denial of the motion, although the specific holding was that a trial judge had no authority in a criminal case, unlike a civil case, to withhold ruling on a motion and submit the case to the jury. Although the Court of Appeals in *Brice v. State*, 254 Md. 655, 255 A. 2d 28 (1969), and this Court in *Saunders v. State*, 8 Md. App. 143, 258 A. 2d 776 (1969), have held that it is error for a trial judge to fail to rule on a pretrial motion, provided his attention is called thereto prior to the conclusion of the case, the

---

1. In a non-jury trial, unlike a jury trial, this Court is required under Md. Rule 1086 to review the sufficiency of the evidence on request whether or not there has been a motion filed with the trial judge. Williams & McClelland v. State, 5 Md. App. 450, 247 A. 2d 731 (1968).

rationale of those cases has no application to a motion to dismiss in a non-jury case. lt is apparent the finding of guilty is a clear ruling by the court that there was sufficient evidence to deny the motion. If there were error it would be harmless beyond a reasonable doubt. *Dorsey v. State*, 276 Md. 638, 350 A. 2d 665 (1976), *Jones v. State*, 11 Md. App. 468, 482, 275 A. 2d 508 (1971).

V. The appellant's sentencing was based upon an impermissible consideration.

The criminal information in the instant case was divided into two counts. The first charged the appellant with possessing heroin "in sufficient quantity to reasonably indicate under all the circumstances, an intent to manufacture and distribute such controlled dangerous substance." Count two simply charged the unlawful possession of heroin. At the end of the trial, the trial judge stated as follows:

"Mr. Kroop, I think to save you some argument, I think under the circumstances at that point I have to — All inferences must be in favor of the defendant. I think I would have to grant your motion as to the first count. In most cases, as you know, you have a quantity. *There's no quantity. There's only two bags which is relatively small quantity under the circumstances,* and the fact that you don't have much more than that, I would deny — I would grant the motion as to the first count." (Italics added).

In imposing sentence, the trial judge stated:

"All right. Well, I have read the report fully and I really honestly feel this gentleman must be incarcerated. The report is not a very good one. His history of crime is extensive. Not just light. It is very extensive. As a matter of fact, he hasn't spent many years on the street since 1955. And I am satisfied that the evidence in this case clearly

established, well, not so much that I think under the circumstances I gave him the benefit of the doubt, but it clearly established that Mr. Couser was involved in the drug traffic. He is not an addict. He says he was not an addict. And he doesn't have any signs of addiction. Yet his involvement in the narcotic field shows me that he is involved in it in a way for monetary gains and his probation report seems to indicate the same thing. And when you find someone in that if you don't punish him then I think we might as well give up the chase on narcotics because anyone who will go out and indulge in the business of dispensing narcotics and ruining the lives of hundreds of people and then coming to the Court and asking you to save his, well, I can't give much consideration to that because it is a sad picture of our society, this narcotic business, and I am satisfied that Mr. Couser was in it. His life style, of course, is — shows that he was in the — pretty much in the business according to the Probation Department. He was living pretty good on his job. Of course, he had a fairly decent job. But, on the other hand, I am satisfied that that is what — that he was in the business of narcotics. So, I will have to give him four years, four years to the Commissioner of Correction from today. He has been on bail all the time."

The appellant's contention is that because he was acquitted of the first count of the criminal information of possession with intent to distribute the trial judge committed error in considering that he was a dealer in imposing the maximum sentence for the simple possession. We do not agree. It is apparent to us the trial judge acquitted him of the charge in the first count of the criminal information solely because he was found to be in possession of such a small quantity of heroin rather than on any belief that he was not engaged in the sale of narcotics. In other words, appellant was not charged and acquitted of the sale of narcotics but was

charged and acquitted of possession of a quantity sufficient to indicate an intention to sell. Therefore, there was nothing inconsistent in the judge considering the fact that he was engaged in the sale of narcotics in imposing the maximum sentence for simple possession. The trial judge's reasons for the sentence were well within the principles set forth by the Court of Appeals in *Henry v. State*, 273 Md. 131, 328 A. 2d 293 (1974), which permitted a trial judge, in sentencing, to consider the accused's involvement in another crime even though a jury had concluded it could not find that the accused was guilty of the other crime beyond a reasonable doubt.

> *Judgment affirmed.*
> *Appellant to pay costs.*