HARRY PAUL BRYANT, JR. *v.* STATE OF MARYLAND

[No. 201, September Term, 1980.]

*Decided February 4, 1981.*

The cause was submitted on briefs to MORTON, WILNER and COUCH, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Patricia A. Logan, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* for appellee.

COUCH, J., delivered the opinion of the Court.

Harry Paul Bryant, Jr., the appellant, pleaded guilty to a charge of escape. The Circuit Court for Anne Arundel County accepted the plea and sentenced appellant to two years incarceration, consecutive to the time he was then serving. On appeal, appellant contends the record does not adequately demonstrate that he "entered his guilty plea voluntarily, with understanding of the nature of the charge and the consequences of the plea." We agree and shall vacate the judgment.

When appellant appeared before the court, he did so for the purpose of pleading guilty. The record shows the following to have taken place:

> "*HARRY BRYANT,* a witness of lawful age after first being duly sworn, deposes and says:
> CLERK: State your name and address.
> THE WITNESS: Harry Bryant. Maryland Correctional Training Center.
> COURT: Do you understand, Mr. Bryant, that you're here for trial on a charge of escaping from the correctional facility on May 24, 1979?
> DEFENDANT: Yes sir.
> COURT: And that your counsel has tendered a plea of guilty on your behalf?

DEFENDANT: Yes sir.

COURT: First of all, has anyone made any promises or inducements to you other than what's been said in court today, to cause you to plead guilty?

DEFENDANT: No sir.

COURT: No one, anyone threaten or force you in any way to plead guilty?

DEFENDANT: No sir.

COURT: You understand that by pleading guilty, you waive a number of your constitutional rights?

DEFENDANT: Yes sir.

COURT: Among them, you waive the right to a trial either by a jury or by the court. In a jury trial there would be twelve jurors elected from a larger number and all twelve would have to find you guilty beyond a reasonable doubt. You waive that and you also waive the right to a court trial in which a judge would hear the evidence and he would have to find you guilty beyond a reasonable doubt. Do you understand that you are waiving those rights?

DEFENDANT: Yes sir.

COURT: You also waive the right to require the state to prove your guilt beyond a reasonable doubt, and to produce the witnesses that would testify against you, and the right of your attorney to cross examine them, do you understand?

DEFENDANT: Yes sir.

COURT: And you waive the right to summons any witnesses on your own behalf?

DEFENDANT: Yes sir.

COURT: You also would have the right at a trial to testify or remain silent, whichever you decided to do, and if you remain silent, no inference of guilt would be drawn from the fact that you didn't testify. You waive that right?

DEFENDANT: Yes sir.

COURT: Are you on any drugs or narcotics or anything like that today?

DEFENDANT: No sir.

COURT: And you understand that a plea of guilty is one of the highest forms of evidence for guilt?

DEFENDANT: Yes sir.

COURT: And that's what you want to do today?

DEFENDANT: Yes sir.

COURT: And you do so plead involuntarily? [sic] [1]

DEFENDANT: Yes sir.

COURT: Alright. Unless counsel has some questions?

MR. FORDHAM [Assistant State's Attorney]: I have none.

MISS CROCKER [Assistant Public Defender]: None."

\* \* \*

"COURT: Alright. I'll approve the plea of guilty on the Statement of Fact, and the plea [sic] found the defendant guilty beyond a reasonable doubt as charged. Anything you want to say before disposition?"

Appellant contends that this record is insufficient to demonstrate that he knew or was advised of the nature of the charge against him and thus is a violation of Md. Rule 731 c, which provides in pertinent part:

"The Court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea."

---

1. Regardless of when or how this mistake entered the transcript, the appellant does not raise the issue of his voluntariness in pleading guilty to the charge as he then understood it.

While it may be a close question whether the above colloquy is sufficient to satisfy the rule requirement relative to "the nature of the charge,[2]" we believe it clearly shows a failure to explain "the consequences of the plea," at least so far as the possible penalty is concerned, as required by the rule. In *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981), the Court of Appeals made clear that while the trial judge is not required ritualistically to advise an accused of the nature of the charges, it was necessary that "the court will explain to the accused, in understandable terms, the nature of the offense to afford him a basic understanding of its essential substance. . . ." In so holding the Court recognized that "this, of course, is an essential requirement of the rule. . . ." Here, too, in our view, "the consequences of the plea," is an essential requirement of the rule. We recognize that some of the consequences were made known to the appellant but it seems to us, particularly where, as here, there was no plea agreement with respect to punishment, that the consequence must be made known to an accused.

Although no prior Maryland case interprets Md. Rule 731 c in its reference to "consequences of the plea,[3]" cases decided before the effective date of the rule hold that an accused must be informed of the maximum sentence that the trial court can impose for the offense before the court can accept a guilty plea. *Mathews v. State,* 15 Md. App. 686, 692, 292 A.2d 131, *cert. denied,* 266 Md. 739 (1972); *Gant v. State,* 16 Md. App. 382, 297 A.2d 327 (1972).

In *Mathews, supra,* we ordered a new trial for an appellant where the record did not affirmatively demonstrate his being apprised of the maximum sentence to which he subjected himself by his guilty plea. Our decision relied upon

---

**2.** We observe, however, that because of the very nature of the charge it may not have been necessary to go further than was done here.

**3.** See Sutton v. State, 289 Md. 359, 424 A.2d 755 (1981), in which the Court of Appeals held that a trial court violated Md. Rule 731 c by accepting a plea of not guilty upon an agreed statement of fact, found to be the "functional equivalent" of a guilty plea, without showing on the record that the defendant made her plea voluntarily and with knowledge of the maximum permissible length of sentence.

the constitutional principles expounded by the U. S. Supreme Court in *Boykin v. Alabama,* 395 U.S. 238 (1969), wherein Mr. Justice Douglas stated at 243, 244:

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes *and of its consequences.*" (Emphasis added.)

Keeping in mind, however, that so many of our procedural rules track the Federal Rules of Procedure, we deem it wise to look there for guidance even though not bound thereby. Rule 11 c of the Federal Rules of Criminal Procedure provides:

> "Before accepting a plea of guilty or nolo contendere, the Court must address the defendant personally in open court and inform him of, and determine that he understands the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. . . ."

Prior to 1974 the rule required the court to inform the defendant of "the consequences of the plea," which, of course, is the wording used in the present Maryland rule.

Our review of additional federal cases involving this issue finds that the phrase "consequences of the plea," as used in Rule 11 c of the Federal Rules of Criminal Procedure, requires that the defendant be informed of the maximum possible penalty. *See U.S. v. Maggio,* 514 F.2d 80 (5th Cir. 1975); *U.S. v. Wolak,* 510 F.2d 164 (6th Cir. 1975); *Wells v. U.S.,* 452 F.2d 1001 (5th Cir. 1971).

In our view, and we so hold under Md. Rule 731 c, the court, before accepting a plea of guilty, is required to inform the defendant of the maximum sentence he may receive as

a consequence thereof. Since this was not done in the present case we are compelled to vacate the judgment.

> *Judgment vacated; case remanded for further proceedings consistent with the views expressed herein.*
>
> *Costs are not reallocated as part of the judgment of this court pursuant to Maryland Rule 1082f.*