## TYRONE TEASLEY *v.* STATE OF MARYLAND

[No. 1113, September Term, 1982.]

*Decided April 15, 1983.*

The cause was submitted on briefs to MOYLAN, WILNER and ADKINS, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Braudes, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephanie J. Lane, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and

Robert Deen, Assistant State's Attorney for Montgomery County, for appellee.

MOYLAN, J., delivered the opinion of the Court.

This seemingly trivial appeal takes on significance only because its single and insubstantial contention is showing recent signs of becoming dangerously epidemic.

The appellant, Tyrone Teasley, was convicted by a Montgomery County jury, presided over by Judge Rosalyn B. Bell, of armed robbery and the use of a handgun in the commission of a crime of violence. Judge Bell sentenced the appellant to sentences of ten years for each offense, the sentences to be served consecutively. Upon this appeal, the appellant raises the single contention that Judge Bell, in sentencing, "misapplied the matrix system" of the sentencing guidelines now being tried, on an experimental basis, in Montgomery County and three other jurisdictions. Without any intention of being callous or cavalier, our response to the contention, no matter how we might dress it up verbally, has to reduce itself to a simple, "So what?"

Sentencing is a matter left almost exclusively to the broad discretion of the sentencing judge. Where the sentence falls within the statutory limits set by the Legislature, Roberts v. Warden, 242 Md. 459, 219 A.2d 254 (1966), and where there is no showing that it was "motivated by ill-will, prejudice or other improper considerations," Kaylor v. State, 285 Md. 66, 69, 400 A.2d 419 (1979), it is beyond appellate challenge. The effort at sentencing reform represented by the so-called sentencing guidelines and being conducted on an experimental basis is a commendable one. Participation, however, by the trial judges is on a voluntary basis. Our approval of an experimental effort to reform the law does not enlarge our appellate jurisdiction. Whether, therefore, a trial judge scrupulously follows, outrageously flouts or clumsily misapplies the sentencing guidelines is simply none of our appellate business, unless, of course, such flouting or

misapplying should coincidentally trigger one of our more limited and traditional reasons for reviewing a sentence.

*Judgments affirmed; costs to be paid by appellant.*