STATE OF MARYLAND *v.* MAMIE V. BRAZLE
A/K/A Mamie Eldridge

[No. 76, September Term, 1982.]

*Decided August 8, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Stephanie J. Lane, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

*Charles T. Vekert,* with whom was *John M. Morse* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

The issue presented in this case is whether a guilty plea is voluntarily and intelligently entered when the trial judge in accepting same does not specifically advise the defendant that the court is not bound to follow a presentence recommendation of probation.

Mamie Brazle was indicted for obtaining public assistance by fraud and other offenses in Anne Arundel County. She pleaded guilty to welfare fraud in the Circuit Court for Anne Arundel County in exchange for the State's agreeing to make no recommendation as to sentencing. The State further agreed to dismiss the other counts in the indictment but reserved the right to seek restitution from Brazle. The record from the trial court indicates the following colloquy between Brazle and her attorney as to whether the plea was voluntary and knowing and whether she understood the consequences of the plea:

> Counsel: Ms. Eldridge, do you go by or are you known by any other name or nickname?
> Defendant: No.
> Counsel: At one time were you known as Ma. . Mamie Brazeel or Brazle?
> Defendant: Yes.

Counsel: How. .how far have you gone in school, Ms. Eldridge?

Defendant: I completed the twelfth grade.

Counsel: And you can read and write, is that correct?

Defendant: Yes.

Counsel: Are you married at this time?

Defendant: No I'm not.

Counsel: Are you supporting anyone other than yourself?

Defendant: My two kids.

Counsel: How old are they?

Defendant: One nineteen and one fifteen.

Counsel: Do they live with you?

Defendant: Yes.

Counsel: Do you understand that you're charged with welfare fraud. . that is, that you obtained money, property, food stamps or other assistance when you were not entitled to and that that assistance came as part of a program administered by the County through the State of Maryland? Do you understand that?

Defendant: Yes.

Counsel: And do you understand that the State would have to prove that you obtained money or other assistance when you were not entitled to it?

Defendant: Yes.

Counsel: You understand that the maximum penalty for this crime is three years in jail and a thousand dollar fine as I explained that to you?

Defendant: Yeah.

Counsel: And that was your understanding when you entered the plea of guilty, is that correct?

Defendant: Yes.

378

Counsel: Are you now on parole or on probation?

Defendant: Neither one.

Counsel: Are you under the influence of an alcoholic beverage or any drug or narcotic or any other medicine which would prevent you from understanding what you're doing this morning?

Defendant: No.

Counsel: Are you aware of any mental condition or mental disability which would prevent you from understanding what you're doing this morning?

Defendant: No.

Counsel: Do you understand that by pleading guilty you admit that in truth and in fact you are guilty. . that is, that you did obtain these funds when you weren't entitled to them and you committed the crime as alleged? Do you understand that?

Defendant: Yes.

Counsel: Other than what Mr. Patterson, who is the State's Attorney, has said regarding the State making no recommendation and asking for restitution. . have you been promised anything by the State's Attorney, by the police, or by any other agent or person in the government in order to get you to plead guilty?

Defendant: No.

Counsel: Has anyone made any promise of a lighter sentence, reward, immunity or any other type of promise to get you to plead guilty?

Defendant: No.

Counsel: Have any. . have any threats been made against you to force you to plead guilty?

Defendant: No.

Counsel: Have you had time to talk with me about this case and are you satisfied with the services and advice that I have provided to you?

Defendant: Yes.

Counsel: You understand that this plea is being offered without conditions and that you're making it freely and voluntarily, is that correct?

Defendant: Yes.

Counsel: You understand that as a defendant charged with a crime you have the absolute right to plead not guilty and to have a speedy public trial with the assistance of counsel? Do you understand that?

Defendant: Yes.

Counsel: And you understand that that trial could be either by the Court or by the Court sitting with a jury? Do you understand that?

Defendant: Yes.

Counsel: And you understand that a right to a trial by jury would involve a jury of twelve persons selected from the citizens of Anne Arundel County who would hear your case and that all twelve jurors must find that you're guilty unanimously and that that finding must be beyond a reasonable doubt? Do you understand that?

Defendant: Yes.

Counsel: And by pleading guilty you give up that right? You understand that?

Defendant: Yes.

Counsel: By entering a guilty plea ... do you understand that by entering a guilty plea you give up your right to contest any statement that you gave to the police or any agent of the government . . that that statement was taken in violation of your constitutional rights? Do you understand that?

Defendant: Yes.

Counsel: By entering a guilty plea, Ms. Eldridge, you are very limited in your ability to appeal this case to the Court of Special Appeals, which is the

higher Court, and that if you wish to appeal after entering a guilty plea your appeal would be limited to questions of jurisdiction, which means whether this Court has the authority to try you and whether this crime took place in Anne Arundel County, whether your plea was voluntarily made .. and understandingly made .. and competency of counsel .. that means whether I gave you the proper advice, and an illegal sentence. If the Judge were to impose a sentence in excess of what the law allows .. that those would be your only appeal rights. Do you understand that?

Defendant: Yes.

Counsel: As a criminal defendant, if you wish to be tried for this crime either by the Court or by a jury you would be presumed innocent, and the State would be required to prove that you were guilty beyond a reasonable doubt, and that by pleading guilty you give up that right. Do you understand?

Defendant: Yes.

Counsel: Do you understand further that if you were tried for this crime either by a court or by a jury you would not have to take the stand and testify, and your failure to do so could not be commented upon or considered, and that by pleading guilty you give up that right? Do you understand?

Defendant: Yes.

Counsel: If you elected not to testify in a jury trial the jury would be instructed by the Judge that they are to take no inference from your failure to testify. Do you understand that?

Defendant: Yes.

Counsel: If you were tried for this crime you would also have the right to confront any witnesses against you and, with the assistance of counsel, you would have the right to cross-examine those wit-

nesses. By pleading guilty you give up that right. Do you understand?

Defendant: Yes.

Counsel: Also, if you elected to be tried for this crime either by the Court or by a jury you would have the right to present any witnesses that you wish to testify on your behalf and by pleading guilty you give up that right. Do you understand?

Defendant: Yes.

Counsel: Knowing all of this, do you still wish to plead guilty?

Defendant: Yes.

After counsel's examination the State submitted the factual basis for the plea, asserting that Brazle had received welfare payments during a period in which she was employed. The court accepted the plea and ordered a presentence investigation. The presentence investigation recommended probation but the court sentenced Brazle to the statutory maximum of three years in addition to ordering her to pay restitution and court costs.

Brazle appealed to the Court of Special Appeals, asserting that the plea was involuntary because she did not understand that she could receive a three year sentence of imprisonment. She alleged that she interpreted the State's agreement to make no recommendation as to sentencing to mean that it would recommend that she not be sentenced at all. The Court of Special Appeals reversed in an unreported *per curiam* opinion, *Brazle a/k/a Eldridge v. State,* No. 1273, September Term, 1981, filed May 17, 1982, holding that it could not "say beyond a reasonable doubt that Mrs. Brazle entered a knowing and voluntary guilty plea." The court indicated that a judge must inform every defendant who pleads guilty where the State makes no recommendation as to sentence, but the defendant is eligible for probation, that the court is not required to provide probation. We disagree.

Maryland Rule 731 c governs the acceptance of guilty pleas. It provides:

> If the defendant tenders a plea of guilty, the court may not accept the plea until it determines, after an examination of the defendant on the record in open court by the court, by the State's Attorney, by the attorney for the defendant, or by any combination thereof, that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty.

One of the first cases decided following the promulgation of Rule 731 c, *Hudson v. State,* 286 Md. 569, 409 A.2d 692 (1979), *cert. denied,* 449 U.S. 845 (1980), outlines when the standard for determining the validity of a guilty plea is met.

The standard is met when the plea is entered by an accused:

> (1) voluntarily, that is, not through coercion, terror, inducements or threats, subtle or blatant; and
>
> (2) with an intelligent understanding, that is, not through ignorance or incomprehension;
>
> (a) of the nature of the offense to which he is pleading guilty; and
>
> (b) of the possible consequences of such a plea; and
>
> (3) unconditionally, that is, without any condition or qualification;
>
> (4) even though the accused denies his guilt, provided the prosecution demonstrates a strong factual basis for the plea and the accused clearly expresses a desire to enter it despite his professed belief in his innocence. [*Id.* at 595-96.]

More recently in *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981), we addressed the issue of whether Rule 731 c required that a trial judge follow a fixed procedure in determining whether a guilty plea is made voluntarily and intelligently. In determining that it did not, we stated that:

> Rule 731 c does not impose any ritualistic or fixed procedure to guide the trial judge in determining whether a guilty plea is voluntarily and intelligently entered. The rule does not require that the precise legal elements comprising the offense be communicated to the defendant as a prerequisite to the valid acceptance of his guilty plea. Rather, by its express terms, the rule mandates that a guilty plea not be accepted unless it is determined by the court, after questioning of the defendant on the record, that the accused understands the "nature" of the charge. This, of course, is an essential requirement of the rule and must be applied in a practical and realistic manner. It simply contemplates that the court will explain to the accused, in understandable terms, the nature of the offense to afford him a basic understanding of its essential substance, rather than of the specific legal components of the offense to which the plea is tendered. The nature of some crimes is readily understandable from the crime itself. Necessarily, the required determination can only be made on a case-by-case basis, taking into account the relevant circumstances in their totality as disclosed by the record, including among other factors, the complexity of the charge, the personal characteristics of the accused, and the factual basis offered to support the court's acceptance of the plea. [*Id.* at 288.]

The "totality of the circumstances" test adopted by *Priet* was enunciated in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), which held that the voluntariness of a guilty plea "can be determined only by considering all of the relevant circumstances surrounding

it." *Id.* at 749. Courts applying this test have looked more so at all of the circumstances of the acceptance of the guilty plea, as evidenced by the record, rather than the particular words that a judge uses. *See Griffith v. Wyrick,* 527 F.2d 109 (8th Cir. 1975); *Barrett v. State,* 544 P.2d 830 (Alaska 1975); *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976); *Anderson v. State,* 263 Ind. 583, 335 N.E.2d 225 (1975); *Commonwealth v. Morrow,* 363 Mass. 601, 296 N.E.2d 468 (1973); *State v. Atwater,* 193 Neb. 669, 228 N.W.2d 876 (1975); *State v. Storbakken,* 246 N.W.2d 78 (N.D. 1976); *Clark v. State,* 294 N.W.2d 916 (S.D. 1980); *State v. Williams,* 404 A.2d 814 (R.I. 1979); *Jones v. State,* 59 Wis.2d 184, 207 N.W.2d 890 (1973). *Cf. United States v. Journet,* 544 F.2d 633 (2nd Cir. 1976).

Brazle contends that the court should have explicitly told her that she could go to jail for three years. The State, on the other hand, argues that this was done when Brazle was informed that the maximum sentence was three years. We agree with the State.

As previously indicated, Rule 731 c does not require the court to recite a specific litany before it accepts a guilty plea. All that is required is that the court is satisified that the plea is voluntarily made with an understanding of the nature of the charges and the consequences of the plea. As stated in *Priet, supra,* the circumstances in their totality as evidenced by the record are examined to insure that this standard is met.

Applying the totality of the circumstances test to the facts in this case it is clear that Brazle's guilty plea was intelligently and voluntarily given. We reject Brazle's contention that she should have been specifically told that the court was not bound to follow presentence recommendation of probation.

Brazle was told that the maximum sentence was three years and she stated that she understood. Further, she stated that no promises had been made to her other than the State's agreement to make no recommendation as to sentencing and that no one had promised her a lighter sen-

tence. Based on these responses we do not agree with Brazle that the plea was not voluntarily made because she did not understand the possible consequences of the plea. Brazle had a twelfth grade education, was sober, and was not under the influence of drugs of any type. In light of the responses given by Brazle during counsel's examination to determine whether the plea was voluntarily and intelligently given, her background, and her mental and physical condition at the time, it was proper for the court to accept the plea.

Our review of the record indicates that the trial court conducted proceedings where the evidence clearly demonstrated that the defendant voluntarily and intelligently entered a guilty plea with full understanding of the consequences of her action. The Court of Special Appeals was wrong in reversing the defendant's conviction.

> *Judgment of Court of Special Appeals reversed and case remanded to that Court to affirm the judgment of the Circuit Court for Anne Arundel County.*
> *Brazle to pay the costs.*