468 A.2d 145

Marian DURBIN

v.

STATE of Maryland.

Misc. No. 22, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Dec. 7, 1983.

David R. Eaton, Asst. Public Defender, for applicant. No answer filed on behalf of the State of Maryland.

Submitted before BISHOP, GARRITY and ADKINS, JJ.

ADKINS, Judge.

Prior to July 1, 1983, § 12–301 of the Courts and Judicial Proceedings Article permitted an appeal from a judgment entered following a plea of guilty in a criminal case. But by Ch. 295, Laws of 1983, the General Assembly added a new

subsection (e) to § 12–302 of that article. The new provision, which became effective July 1, 1983, provides:

> Section 12–301 does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal.

To implement the new law, the Court of Appeals adopted a new Md.Rule 1096. The rule directs that an application for leave to appeal from judgment entered on a guilty plea "shall be made by filing the application with the clerk of the lower court within thirty days from the entry of the judgment appealed from." The application "shall contain a concise statement of the reasons why the judgment should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court." If this court grants leave to appeal, "further proceedings shall be had . . . as if the order granting leave to appeal were the order of appeal filed pursuant to Rule 1012. . . ." Md.Rule 1096; 10:15 *Md.Reg.* 1339 (7/22/83). *See Boone v. State,* 56 Md. App. 8, 466 A.2d 66.

On August 18, 1983, in the Circuit Court for Baltimore City, Marian Durbin pled guilty to a charge of robbery. Pursuant to a plea agreement, she received a sentence of two years incarceration, which was suspended in favor of two years supervised probation. She has invoked the new statute and rule to apply for leave to appeal from that judgment. She furnishes four reasons in support of her application:

1. She was told only of the maximum sentence under the robbery statute and was not advised of the use of sentencing guidelines in Baltimore City, which called for a more lenient sentence than the maximum.

2. She was not advised of the nature of a suspended sentence with probation; this was not explained to her until disposition.

3. She "believes" she was not advised she would have the right of confrontation if she went to trial.

4. She was not told she would not have an automatic right to appeal following her guilty plea.

We do not find any of these reasons persuasive.

■ The first two reasons asserted by Durbin appear to be addressed to a concern that her guilty plea may have been entered without full knowledge of its consequences. Md.Rule 731 c. We do not quarrel with the concept that a judge who is considering acceptance of a guilty plea must first satisfy himself that the defendant is aware of the consequences of the plea. Thus, it is clear that the maximum potential sentence for the offense to which the defendant is proposing to plead guilty must be explained. *Bryant v. State,* 47 Md.App. 551, 424 A.2d 1115 (1981). *English v. State,* 16 Md.App. 439, 298 A.2d 464 (1973), *cert. granted,* 268 Md. 748, *dismissed* July 3, 1973. But this does not mean that every conceivable variety of potential disposition must be explained. For example, we have held that it is not a prerequisite to the acceptance of a guilty plea that the defendant be informed of the possibility of reference to the Patuxent Institution. *Smith v. Director,* 13 Md.App. 53, 280 A.2d 910 (1971).[1]

■ Durbin's application for leave to appeal tells us that she was advised of the maximum sentence that might be imposed. It is difficult for us to understand how she might have been prejudiced by not being told about the sentencing guidelines in Baltimore City. If Durbin was prepared to plead guilty in the face of a stringent maximum sentence, we fail to see how telling her of a lesser possible consequence—a more lenient sentence under the guidelines—could have been prejudicial to her in any fashion. In any event, it is clear that her guilty plea was submitted as part

---

1. When Smith was decided, former Art. 31B of the 1957 Code (1970 Cum.Supp.) permitted one found to be a defective delinquent to be retained at the Patuxent Institution until he was determined no longer to be a defective delinquent—that is, for an indeterminate time which could be for life. That is no longer the case. See Code, Art. 31B (1983 Repl.Vol.).

of a plea agreement under which she was to and did receive probation. Thus, the sentencing range suggested by the guidelines was immaterial.

■ Moreover, as we explained in *Teasley v. State,* 54 Md.App. 454, 458 A.2d 93, *cert. granted,* 296 Md. 655 (1983) the sentencing guidelines program is voluntary. No trial judge is required to use it. And even when a judge does use the guidelines, he or she may sentence above or below them if reasons for that deviation are given.

While the 1983 Maryland Judicial Conference supported Statewide use of the guidelines program, it nevertheless remains essentially voluntary. The Judicial Conference lacks authority to do more than suggest or recommend. Md.Rule 1226 a. The guidelines have not been adopted Statewide or otherwise, by virtue of any statute or rule of court.[2] Therefore, what we said about them in *Teasley* still remains true. Since the judge below could have disregarded the guidelines entirely, we perceive no error in failing to advise Durbin of the possibility of their use. *See State v. Brazle,* 296 Md. 375, 384, 463 A.2d 798 (1983) (one intending to plead guilty need not be told court not bound to follow presentence recommendation of probation).

■ Nor do we think that it is a prerequisite to acceptance of a guilty plea that the defendant be advised of the nature of a suspended sentence with probation. As we have just said, Durbin was informed of the maximum sentence. We reiterate that an informed and voluntary guilty plea may be entered even though every possible sentencing or dispositional mutation is not discussed with the defendant. Additionally, there is no suggestion that when Durbin was informed at disposition, of the nature of a suspended sentence with probation, she attempted to withdraw her guilty plea

---

**2.** Ch. 237, Laws of 1983, enacted a new Art. 27, § 643C(a) providing "[n]othing in this article may be construed to prohibit the use of judicial guidelines in setting sentences." This statement of lack of legislative objection to the use of guidelines is a far cry from a directive for their use.

or expressed any dissatisfaction with this particular disposition. In point of fact, after the trial judge had explained the nature of Durbin's suspended sentence, including the conditions of probation, and after counsel had explained her post-sentence rights, the judge commented "I think it is a fair sentence." Durbin's response was "I think so, Judge."

█ As to the third point, there is no question that advice as to the right of confrontation and the fact that it is waived by acceptance of a guilty plea must be given during the process of ascertaining that the plea is knowing and voluntary. *Palmer v. State,* 19 Md.App. 678, 313 A.2d 698, *cert. denied,* 271 Md. 742 (1974). But the fact that Durbin now "believes" that she was not given this advice is insufficient to establish that she did not receive it in fact. We will not grant an application for leave to appeal on the basis of such a vague and unsubstantiated "belief." Furthermore, the transcript of the guilty plea proceedings shows affirmatively that adequate advice of the right to confrontation was given, and that it was waived. *Waller v. Director,* 244 Md. 229, 223 A.2d 265 (1966).

█ As to Durbin's final contention, that she was not informed she would not have a right to appeal from the judgment imposed following her guilty plea, we have found no authority one way or another as to whether advice as to this particular consequence of a guilty plea is a prerequisite to effective acceptance of the plea. In view of the changes in the law we discussed at the outset of this opinion, the better practice would certainly be to advise the defendant that a right to appeal no longer exists in these circumstances. Although there is no constitutional right to an appeal in a criminal case, *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Matter of Richard Lee Trader,* 272 Md. 364, 325 A.2d 398 (1974), a defendant's absolute statutory right to appeal after judgment entered on a guilty plea long existed in this State until its abolition as of July 1, 1983. When the right to appeal exists, it is of such importance that the trial judge is required to assure that the defendant is

advised of it "[i]mmediately after imposing sentence." Md. Rule 772 h. The non-availability of that former statutory right, and its replacement by the discretionary application for leave to appeal is a consequence of a guilty plea of which we think a defendant should be informed when deciding whether to plead guilty.

But whether a guilty plea must be stricken in the absence of such advice we need not now decide. That is because during the guilty plea proceedings, Durbin was twice advised that she would have no "automatic right of appeal" but could seek appellate review only by application for leave to appeal, once before her guilty plea had been accepted and once following the imposition of probation. On the first occasion, she said she understood. On the second, she expressed no objection or concern.

Under the totality of the circumstances presented in this case, we think it is clear that Durbin's guilty plea was intelligently and voluntarily given. *State v. Brazle, supra,* 296 Md. at 384, 463 A.2d 798.

APPLICATION FOR LEAVE TO APPEAL DENIED.