524 A.2d 807

**STATE of Maryland**

v.

**James KING.**

**Post Conviction**

**No. 1 Sept. Term, 1987.**

Court of Special Appeals of Maryland.

May 6, 1987.

Certiorari Granted Aug. 3, 1987.

---

230

Julius Silvestri, Asst. State's Atty. for Baltimore City, with whom was J. Joseph Curran, Atty. Gen., for applicant.

Scott Whitney, Asst. Public Defender, for James King.

Submitted before GILBERT, C.J., and WILNER and KARWACKI, JJ.

GILBERT, Chief Judge.

James King pled guilty to assault with intent to rob. As a direct result of that plea, the State recommended to Judge Elsbeth L. Bothe in the Circuit Court for Baltimore City that King "be sentenced to not more than four years to the Department of Correction."

During a colloquy with King, Judge Bothe said, "Now, I understand that you are pleading guilty to a plea-bargain in which the sentence is not to exceed four years." King responded, "Yes, Ma'am." Subsequently, King was sentenced to four years.

Approximately nine months later King sought post-conviction relief. Md.Ann.Code art. 27, § 645A. He alleged that "[t]he trial court failed to comply with Maryland Rule 4–242(c) before accepting the Petitioner's guilty plea."

Specifically, King asserted that his plea was not voluntarily made, and he had not been informed of the maximum sentence that could have been imposed for the crime of assault with intent to rob. The post-conviction court, relying upon this Court's decisions in *Bryant v. State*, 47 Md.App. 551, 424 A.2d 1115 (1981), and *Durbin v. State*, 56 Md.App. 442, 468 A.2d 145 (1983), granted the relief and ordered a new trial. The State now seeks leave to appeal from that determination.

Md.Rule 4–242(c) provides:

"The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily,

with understanding of the nature of the charge and the *consequences of the plea*; and (2) there is a factual basis for the plea. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty." (Emphasis supplied.)

■ We said in *Bryant* that "consequences of the plea" meant that "an accused must be informed of the maximum sentence that the trial court can impose for the offense before the court can accept a guilty plea." 47 Md.App. at 555, 424 A.2d at 1117. In *Durbin* we reiterated that statement.[1] 56 Md.App. at 446, 468 A.2d at 147. That an accused must be informed of the maximum sentence that can be imposed does not mean that, irrespective of any bargain for a specified lesser sentence, the accused must be advised of the statutory maximum or else the bargain is a nullity.

The statutory maximum penalty is not a magic wand which must be waved over the proceeding in order to validate it. The purpose of informing an accused of the

---

1. Both *Bryant* and *Durbin* were concerned with then Md.Rule 731 c. Current Md.Rule 4–242(c) is derived from 731 c. At the time of the *Bryant* decision, the rule provided:
   "The court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."
   When *Durbin* was decided, the rule had been changed to read:
   "If the defendant tenders a plea of guilty, the court may not accept the plea until it determines, after an examination of the defendant on the record in open court by the court, by the State's Attorney, by the attorney for the defendant, or by any combination thereof, that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."

maximum sentence is to assure that defendant understands the sentence he or she could receive. That information is particularly pertinent when either the plea is not founded upon a representation that a specific lesser sentence will be imposed or the bargained for sentence is at or near the maximum permitted by the statute.

■ Where, as in the instant case, the bargained sentence is well below the statutory maximum and the accused is informed as to the precise sentence he or she will receive, it is not reversible error to fail to advise the accused of the statutory maximum sentence he or she might have received absent the plea bargain.

■ We think it clear that in the instant case King received that for which he bargained. To grant him a new trial simply because he was not advised, on the record, as to the maximum sentence he could have received is not required, as he was sentenced, in accordance with the bargain, to a much lesser period of time. The hearing judge read *Bryant* and *Durbin* too broadly.

Judge Bothe's advising King that he would receive a four year sentence, which sentence is well within the statutory limit, satisfies the "consequences of the plea" requirement of Md.Rule 4–242(c). Even though, in the matter *sub judice* the rule is satisfied, it is, nevertheless, the better practice for the record to show affirmatively that the accused was informed of the maximum penalty that could be imposed for the offense charged.

In the circumstances of this case, it was error to grant post-conviction relief and award King a new trial.

Because the hearing judge did not address the other issues raised in King's post-conviction application, we are obliged to remand the case to the circuit court for consideration of those matters.

APPLICATION FOR LEAVE TO APPEAL GRANTED. ORDER GRANTING A NEW TRIAL REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.