**UNITED STATES, Appellant,**

v.

**Harry H. HILLIARD, Appellee.**

**No. 10119.**

District of Columbia Court of Appeal.

Argued June 8, 1976.

Decided Nov. 9, 1976.

---

**438**

Peter E. George, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Theodore A. Shmanda, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellant.

1. The trial court ordered its sentence in this case stayed pending the resolution of this appeal.

2. D.C.Code 1973, §§ 22–501, –3202.

3. D.C.Code 1973, §§ 22–2901, –3202.

4. The charges included two counts of armed robbery (D.C.Code 1973, §§ 22–2901, –3202),

Silas J. Wasserstrom, Washington, D.C., with whom Douglas C. Dodge, Washington, D.C., was on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

This is an appeal by the government pursuant to D.C.Code 1973, § 23–111(d)(2).[1] The government contends that because appellee had previously been convicted of a crime of violence, the court wrongfully placed him on probation and, instead, was required, under the provisions of D.C.Code 1973 § 22–3202, to sentence him to a minimum term of imprisonment, without suspension of sentence or probation. We agree and remand for resentencing.

On April 7, 1975, appellee was found guilty by a jury of assault with intent to commit robbery while armed[2] and two counts of armed robbery.[3] On July 11, 1975, he was given a sentence of twenty months to five years for the assault with intent to commit robbery. He received sentences of ten to thirty years on each of the armed robbery convictions, to run consecutively to the sentence on the assault conviction, but concurrently with each other. Execution of the two armed robbery sentences was suspended, and appellee was placed on probation for five years.

On January 28, 1975, while on bond awaiting trial for the above offenses, appellee committed an additional crime. Appellee was charged on May 21, 1975 with a fifteen-count indictment[4] arising out of

two counts of robbery (D.C.Code 1973, § 22–2901), one count of second-degree burglary while armed (D.C.Code 1973, §§ 22–1801(b), –3202), one count of second-degree burglary (D.C.Code 1973, § 22–1801(b)), four counts of assault with a dangerous weapon (D.C. Code 1973, § 22–502), one count of forgery (D.C.Code 1973, § 22–1401), one count of uttering (D.C.Code 1973, § 22–1401), one

the January 28, 1975 offense, and on September 3, 1975, appellee pleaded guilty to one count of armed robbery. At sentencing on September 12, 1975, the court ruled that the mandatory minimum sentence provision of D.C.Code 1973, § 22–3202(a)(2) was not applicable to this case and sentenced appellee from ten to thirty years, suspended execution of the sentence, and placed appellee on probation for five years.

The section of the Code involved, D.C. Code 1973, § 22–3202, states in pertinent part:

> Committing crime when armed—Added punishment.
>
> (a) Any person who commits a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm . . . or other dangerous or deadly weapon . . . .
>
> \* \* \* \* \* \*
>
> (2) shall, if he is convicted more than once of having so committed a crime of violence in the District of Columbia, be sentenced, in addition to the penalty provided for such crime, to a minimum period of imprisonment of not less than five years and a maximum period of imprisonment which may not be less than three times the minimum sentence imposed and which may be up to life imprisonment.
>
> \* \* \* \* \* \*
>
> (d)(2) The execution or imposition of any term of imprisonment imposed under paragraph (2) of subsection (a) may not be suspended and probation may not be granted.

Another section of the Code, D.C. Code 1973, § 22–3201, defines a "crime of violence." Appellee's two previous convictions of armed robbery and his conviction of assault with intent to commit robbery while armed are considered armed "crimes of violence."

The trial court held, and appellee contends, that the mandatory minimum sentencing provision of D.C.Code 1973, § 22–3202(a)(2) does not apply to this case because appellee's second armed crime of violence was committed prior to his conviction for his first armed crime of violence. The court stated that before D.C.Code 1973, § 22–3202(a)(2) applied, a locus penitentiae was required after the first conviction. Appellee argues that the statute is ambiguous and can be correctly read as requiring a mandatory minimum imprisonment term only when a defendant commits an armed crime of violence after he has been convicted of such a crime previously.

The United States Court of Appeals for the District of Columbia Circuit was presented with much the same question in *United States v. Bridgeman*, 173 U.S.App. D.C. 150, 523 F.2d 1099 (1975).[5] It held that D.C.Code 1973, § 22–3202,

> does not require that the second crime occur after sentence is adjudged on the prior "crime of violence." [The statute] speaks in terms of a prior conviction existing at the time of a subsequent sentencing: a defendant who has been convicted of one violent crime at the time he is sentenced for a second crime of violence clearly comes within the purview of the statute, even though his sentence on the first conviction was not ad-

count of receiving stolen property (D.C.Code 1973, § 22–2205), and two counts of possession of a prohibited weapon (D.C.Code 1973, § 22–3214(b)).

5. The factual situation in *United States v. Bridgeman, supra,* differs slightly from that in this case. In *Bridgeman,* the second armed crime of violence was committed before sen-

tencing but after conviction for the first armed crime. In the present case, the second armed crime occurred before both the conviction and sentencing for the first crime. We do not view these differences as significant because the statute applies whenever a prior conviction for an armed crime of violence exists at the time of sentencing for a second such crime.

judged until after the second crime was committed. [173 U.S.App.D.C. at 172, 523 F.2d at 1121.]

We agree with the interpretation of the Circuit Court in *Bridgeman*. The only circumstance that is required to trigger the mandatory minimum imprisonment term provision of the statute is that, at the time of the sentencing of a defendant for a crime of violence, the defendant has a prior conviction for such a crime arising out of a separate incident. As appellee's armed robbery convictions and assault with intent to commit robbery while armed conviction preceded his sentencing in this case, the mandatory minimum sentence is required.

Accordingly, appellee's sentence for his plea of guilty to armed robbery is vacated and this case is remanded for resentencing according to the mandatory minimum imprisonment provision of D.C.Code 1973, § 22–3202(a)(2).

*So Ordered.*