STATE OF NEW JERSEY, PLAINTIFF, v.
DANIEL J. NUGENT, DEFENDANT.

Municipal Court
City of Hackensack

September 7, 1977.

*Mr. J. Noble Sellarole,* Municipal Prosecutor for the State.

*Mr. James Patuto* for defendant.

KIRSCH, J. M. C. This action involves the sole issue of whether defendant is to be penalized as a first or second drunk driving offender pursuant to *N. J. S. A.* 39:4–50, as amended, and as effective May 25, 1977.

The facts are not in dispute. Defendant pleaded guilty to driving while under the influence of an intoxicant on April 22, 1977 and requested, as allowed, to be sentenced under the penalties of the amended law. Defendant admits that on September 23, 1975 he was convicted of violating *N. J. S. A.* 39:4–50(b), then known as the "impaired" driving section of the drunk driving law.

Defendant contends that he should not be penalized as a second offender for the reason that his present conviction under the May 25, 1977 law would expose him to *ex post facto* hazards. He insists that the elements of this new 1977 law, as well as the standards of proof required to convict, are distinctly different from the law as it existed on the date of his prior conviction, September 23, 1975. These contentions cannot be sustained.

The new 1977 law is not substantively different from prior drunk driving laws. See: *N. J. S. A.* 39:4–50 et seq., as amended, *L.* 1952, *c.* 286, § 1; see also, *N. J. S. A.* 39:4–50 et seq., as amended, *L.* 1966, *c.* 141, § 1, effective September 18, 1966. A reading of the present and prior drunk driving statutes leaves no doubt that the same offense is created by these drunk driving laws.

The penalties of the present and prior statutes do differ. The 1952 law and the 1966 law mandatorily required a first offender to forfeit his right to operate a motor vehicle in the State of New Jersey for a period of two years, and, as a second offender, mandatorily forfeit driving privileges for a period of ten years and serve three months in jail. The new law reduces the penalty markedly, favoring treatment

and rehabilitation over extremely oppressive punishment. Revocation periods are no longer mandatory but discretionary. Under the present law a first offender must forfeit his license for from two to six months; a second offender for one to three years, within a court's discretion. Jail terms are discretionary, as are monetary fines.

As a general rule, additional punishment for multiple offenders (*i. e.*, criminal recidivists) does not necessarily create *ex post facto* problems where the additional punishment comes as a result of the subsequent offense. In re *Caruso*, 10 *N. J.* 184, 188–190 (1952); *In re Zee*, 13 *N. J. Super.* 312, 317–320 (Cty. Ct. 1951), aff'd 16 *N. J. Super.* 171 (App. Div. 1951), *cert.* den. 343 *U. S.* 931, 72 *S. Ct.* 766, 96 *L. Ed.* 1340 (1952).

Heavier penalties are often provided by law for a second or any subsequent offense than for the first; and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such cases, it is the second or subsequent offense that is punished, not the first. * * * [*Cooley. Const. Lim*, 553, as cited in *In re Zee*.]

The present *N. J. S. A.* 39:4–50 *et seq.* imposes, in degree, lesser punishment for a first, second or third offender than did earlier drunk driving laws. Certainly defendant here is relieved from, rather than placed in, greater hazard.

The further fact that the 1977 law changes the blood alcohol concentration level from .15% BAC to .10% BAC to establish the legal presumptions of intoxication (*N. J. S. A.* 39:4–50.1) does not substantively change the law as it existed on September 23, 1975 when defendant was first convicted of "impaired" drunk driving. There is now only one drunk driving offense. At any rate, a defendant with a breath test reading of .10% BAC or higher was always subject to conviction under the 1952 law or the 1966 law.

In *State v. Sturn*, 119 *N. J. Super.* 80 (App. Div. 1970), the court held that under the 1966 law the creation of different degrees of intoxication — "unfit" (*N. J. S. A.* 39:4–

50(a)) and "impaired" (*N. J. S. A.* 39:4–50,(b)) — does not create *ex post facto* problems since these degrees impliedly existed in all prior drunk driving laws. The *Sturn* court held that a prior *N. J. S. A.* 39:4–50(a) ("unfit") conviction and a subsequent *N. J. S. A.* 39:4–50(b) ("impaired") conviction required defendant to be punished as a subsequent (b) ("impaired') offender resulting in two years' loss of license.

■ It appears that whatever a defendant's prior drunk driving conviction was (an "unfit" or "impaired") the elements and standards of proof required for that prior conviction are substantively the same as required under the 1977 amended drunk driving law.

It would appear, then, that any second (or more) convictions under the present *N. J. S. A.* 39:4–50 would constitute a subsequent conviction regardless of under which prior statute the first conviction was entered.

Defendant here is to be penalized as a subsequent offender: one year's loss of license, $500 fine and $15 costs of court; 30 days to be served in county jail, sentence suspended and placed on probation for one year to the Bergen County Alcohol Rehabilitation Program.