Morris D. CORNWELL, Appellant,

v.

UNITED STATES, Appellee.

No. 81–756.

District of Columbia Court of Appeals.

Argued Aug. 25, 1982.

Decided Oct. 6, 1982.

Richard S. Stern, Washington, D.C., appointed by this court, for appellant.

Helen M. Bollwerk, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before KERN, MACK and BELSON, Associate Judges.

PER CURIAM:

■ Appellant, convicted of the attempted breaking and entering of a vending machine, received an enhanced sentence as a repeat offender pursuant to D.C.Code 1973, § 22–104(a). He argues on appeal that, because he committed the offense which formed the basis for the enhanced penalty after the crime for which he received the

enhanced sentence, the court erred in sentencing him as a repeat offender. We reject this contention and conclude that a prior conviction, regardless of the date of the commission of the underlying crime, is sufficient to trigger the repeat offender sentencing provisions of D.C.Code 1973, § 22–104(a). We also reject appellant's contention that § 22–104(a) is an unconstitutional *ex post facto* law as applied in the circumstances of the instant case.

On June 10, 1980 appellant was arrested and charged with a felony based on his forced entry of a vending machine. Following dismissal of this felony charge without prejudice by the trial court, the government brought a misdemeanor charge based on the same incident. However, appellant was not located and arraigned on this charge until January 26, 1981.

On August 15, 1980 appellant was arrested and charged with attempted breaking and entering of a vending machine on the basis of another incident which occurred on that date. In October of 1980 he pled guilty to this charge and subsequently served a jail sentence for this conviction.

Following his release on January 13, 1981 appellant was arraigned on the charge arising from the June 10 incident. Before trial the government notified both appellant and the trial court, pursuant to D.C.Code 1973, § 23–111(a)(1), that appellant was subject to the enhanced sentencing provisions of *id.* § 22–104(a) by virtue of his October 1980 conviction. A jury convicted appellant of attempted breaking and entering of a vending machine and the court sentenced him to an eighteen month term of incarceration on the basis of his status as a repeat offender. *See* D.C.Code 1973, § 22–104(a).[1]

D.C.Code 1973, § 22–104(a) provides in relevant part:

> If any person—
> (1) is convicted of a criminal offense ... and
> (2) was *previously convicted* of a criminal offense under any law of the United

States or of a State or territory of the United States which offense, at the time of the conviction referred to in paragraph (1), is the same as, constitutes, or necessarily includes, the offense referred to in that paragraph,
> such person may be sentenced to [the enhanced penalties specified in this subsection (emphasis supplied).]

The statute does not specify whether the offense upon which enhancement is based must chronologically precede the offense for which the enhanced penalty is sought. However, the plain language and legislative history of this subsection and our construction of similar Code provisions make clear that the sequence in which the offenses are committed is irrelevant; only a prior *conviction* is necessary to trigger these enhanced sentencing provisions.

Section 22–104(a) provides in plain and unambiguous language for enhanced penalties when a defendant has been previously *convicted* of a similar offense. *Compare* D.C.Code 1973, § 22–104a (authorizing enhanced penalties for habitual offenders who have been convicted of at least two felonies before *committing* the felony for which the enhanced sentence is sought). The legislative history of § 22–104 further supports our conclusion that the sequence in which offenses occur is not a relevant consideration under this statute. *See* H.R.Rep. No. 907, 91st Cong., 2d Sess. 65, *reprinted in* 1970 D.C.Code Legis. & Ad.Serv. 461 (West) ("[Section 104] does not require that the subsequent conviction involve an offense committed after the prior conviction"). *Compare* the legislative history of § 22–104a, *id.* ("Only when a criminal has shown his disregard for the law by at least three successive courses of felonious conduct ... can this provision be utilized").

Furthermore, our construction of § 22–104(a) is consistent with our construction of D.C.Code 1973, § 22–3202, which also provides for enhanced penalties based upon prior convictions. *See United States v. Hilliard,* D.C.App., 366 A.2d 437 (1976) (provi-

---

1. Absent the enhanced sentencing provisions of § 22–104(a), appellant's maximum sentence would have been one year's imprisonment. *See* D.C.Code 1973, §§ 22–103, –3427.

sions of § 22–3202 are triggered when, at time defendant is sentenced for a crime of violence, he has previously been convicted of such a crime on the basis of a separate incident); *United States v. Bridgeman,* 173 U.S.App.D.C. 150, 523 F.2d 1099 (1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206 (1976) (same).

Accordingly, we hold that the only circumstance required to trigger the enhanced penalty provisions of § 22–104 "is that, at the time of the sentencing of a defendant . . ., the defendant has a prior conviction for . . . a [similar] crime arising out of a separate incident." *Hilliard, supra* at 440. We therefore conclude that appellant was properly sentenced as a repeat offender.

■ We also reject appellant's contention that § 22–104(a), as applied in the circumstances of this case, is an unconstitutional *ex post facto* law. A " 'law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed' " is an *ex post facto* law. *Warren v. United States Parole Commission,* 212 U.S.App.D.C. 137, 140, 659 F.2d 183, 186 (1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (emphasis deleted)). Appellant argues that, because he was not subject to an enhanced penalty at the time he committed the instant offense, application of the repeat offender penalty based on his August 15, 1980 offense constitutes infliction of a greater punishment than the law permitted at the time he committed the instant offense in June. He also argues that retroactive application of our construction of this statute to his case renders it an *ex post facto* law. We reject these arguments as it was not a change in the law which increased the potential penalty in the instant case but, rather, appellant's criminal conduct following the commission of the first offense in June 1980. Furthermore, we find no ambiguity, relevant to the issue of notice, in the language of D.C.Code 1973, § 22–104(a). Appellant was on notice that if he were convicted of a similar crime before he was sentenced for the June 1980 offense his penalty could be enhanced.

*Affirmed.*