531 A.2d 1026

**Ronald MOORE**

v.

**STATE of Maryland.**

**No. 61, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Oct. 8, 1987.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Sandra L. Kemick, Asst. State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WEANT, ROSALYN B. BELL and POLLITT, JJ.

WEANT, Judge.

On 4 February 1987 appellant, Ronald Moore, pleaded guilty in the Circuit Court for Baltimore City to two counts of daytime housebreaking. He was examined on the record in open court pursuant to Md. Rule 4–242(c) in order to satisfy the court that his plea was voluntary and that he understood the nature of the charges and the consequences of his plea. Appellant, however, was never advised that if he is convicted of another "crime of violence" in the future, the daytime housebreaking convictions would make him eligible for mandatory sentencing under Md.Ann.Code art. 27, § 643B (1986 Supp.). We granted leave to appeal to answer the question: "Was Appellant properly advised of the consequences of his guilty plea?"

■ Appellant contends that the possible use of the present convictions as predicate convictions for sentencing him under § 643B in the future is a "consequence" of his guilty pleas that he must be made aware of under Md. Rule 4–242(c)(1) before the pleas can be accepted. We disagree.

Prior cases indicate that "consequences" is not to be read as broadly as appellant reads it.[1] Thus, the defendant must be made aware of the maximum sentence he can receive when pleading guilty. *Bryant v. State,* 47 Md.App. 551, 424 A.2d 1115 (1981). But he need not be told that his conviction could cause him to be deported in a separate civil proceeding; *Daley v. State,* 61 Md.App. 486, 487 A.2d 320 (1985) (per curiam); that the judge may use sentencing guidelines, *Durbin v. State,* 56 Md.App. 442, 468 A.2d 145 (1983); the nature of a suspended sentence with probation, *id.;* or that he may be referred to Patuxent Institution for a potentially indefinite (at that time) period, *Smith v. Director,* 13 Md.App. 53, 280 A.2d 910 (1971).

In *Daley, supra,* this Court recognized the distinction drawn by other courts between direct and collateral consequences of a guilty plea. Courts generally hold that for the plea to be accepted, the defendant must be made aware of the former, but not the latter. A consequence is considered direct only if "the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Daley,* 61 Md.App. at 489, 487 A.2d at 322 (quoting *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1366 (4th Cir., 1973)).

Section 643B can be invoked only for a crime which is committed *after* the predicate convictions. *Garrett v. State,* 59 Md.App. 97, 112, 474 A.2d 931, 938 (1984). Thus, the convictions at issue could only be used as § 643B predicates against appellant if he were to commit a qualifying crime *after* he entered his guilty plea. This is not a definite, immediate, or largely automatic result of the plea.

---

1. These prior cases were governed by former Rule 731c, from which Rule 4–242(c) is derived. For practical purposes, both rules used the same language: the court must determine that a guilty plea is made "voluntarily, with understanding of the nature of the charge and the consequences of the plea." *See* Rule 4–242(c)(1) and *Bryant v. State,* 47 Md.App. 551, 554, 424 A.2d 1115, 1117 (1981) (quoting former Rule 731c).

If appellant is convicted of a third qualifying crime in the future and sentenced under § 643B, the enhanced sentence will be for the third crime: it would not constitute a punishment for the predicate crimes at issue here. *Hawkins v. State,* 302 Md. 143, 149, 486 A.2d 179, 182–83 (1985). Thus, the possibility of enhanced sentencing in the future is not part of the maximum sentence appellant could receive for the charges he pleaded guilty to in this case. *Cf. Bryant v. State, supra,* 47 Md.App. 551, 424 A.2d 1115. Further, if the deportation of a resident alien based *solely* upon the conviction at issue in *Daley, supra,* is not a consequence within the meaning of Rule 4–242(c), then a fortiori the more tenuous risk of enhanced sentencing for a future crime is not.

We also note that the issue appellant raises is not entirely novel. In *Hawkins, supra,* defendant Hawkins had been convicted on two counts of daytime housebreaking in the late 1970's, when that offense was not listed as a qualifying offense under § 643B(a). Daytime housebreaking was added to the sentencing statute in 1982. Hawkins was then convicted of a third crime and the State sought to use the daytime housebreaking convictions to invoke § 643B. Hawkins objected to the use of an offense which was not listed in § 643B(a) at the time of the conviction. He correctly observed that this could lead a defendant to plead guilty to a crime without knowledge that it might later be used against him under the enhanced sentencing statute. Hawkins felt that this would render the plea unknowing or involuntary. *Hawkins, supra,* 302 Md. at 149, 486 A.2d at 182. Nevertheless, the Court held that the prior convictions could be used as § 643B predicates even though a defendant could not have foreseen that possibility at the time of those convictions.

Although the issue appellant raises here was not precisely before the Court in *Hawkins,* the Court was made aware of it through the defendant's argument in that case. *See* 302 Md. at 147 and 149, 486 A.2d at 181 and 182. The

**528**

Court's opinion in that case leads us to believe that appellant's claim should be rejected in the case at bar.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.