780 A.2d 479

Dewayne A. BOOZE

v.

STATE of Maryland.

No. 1690, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Sept. 7, 2001.

Amy E. Brennan, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Leigh S. Halstad, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before KENNEY, ADKINS and KRAUSER, JJ.

KENNEY, Judge.

Appellant, Dewayne A. Booze,[1] was convicted at a bench trial in the Circuit Court for Baltimore County of possession with intent to distribute cocaine. He was also convicted of solicitation for prostitution, malicious destruction of property, simple possession of cocaine, and two counts of first degree assault. We are concerned only with the charge of possession with intent to distribute and its corresponding sentence. The facts of the incident leading to the charges against appellant, which can be found in the opinion resulting from appellant's first appeal, *Booze v. State*, No. 247, Sept. Term, 1998, 123 Md.App. 796 (Oct. 16, 1998), are not relevant to our decision in the instant appeal.

Appellant presents one question on appeal:

Did the trial court err in denying [appellant's] motion to correct an illegal sentence?

We hold that his sentence was not illegal and that the trial court did not err in denying the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant, in an unrelated matter, had pled guilty in the Circuit Court for Anne Arundel County on August 23, 1994, to possession with intent to distribute cocaine, a violation of Md.Code Ann. (1957, 1996 Repl. Vol, 1997 Supp.), Article 27, § 286(b)(1). Prior to trial in this case, the State served appellant with notice in accordance with Maryland Rule 4–245, that it intended to proceed against him as a subsequent offender under Article 27, § 286, and that, if convicted, he would be sentenced to a term of incarceration of not less than ten years without the possibility of parole. Appellant was convicted and received a mandatory ten year sentence, in accordance with Maryland Code, Article 27, § 286(c).

---

**1.** We note that throughout the record and in the briefs appellant is referred to as "Dewayne" but that he writes and signs his own name as "Dwayne."

On August 17, 2000, appellant filed a Motion to Correct an Illegal Sentence, alleging that the sentence imposed was illegal because he had not been warned at the time of his 1994 plea that a subsequent conviction would result in a mandatory minimum sentence. Appellant's motion was denied on August 24, 2000, and, on September 1, 2000, appellant noted this appeal.

## DISCUSSION

Maryland Code, Article 27, § 286(c) provides, in pertinent part:

(c)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section; or

(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State.

(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code.

Appellant contends that, "in fairness," he should not be subject to the enhanced sentencing provision of Article 27, § 286(c) because the legislature intended that an enhanced penalty be imposed only after a defendant had been explicitly warned of the potential consequences of a subsequent conviction and that he was not so warned when he pled guilty in

1994. The State contends that it had no legal obligation to inform appellant "of the contents of Maryland's criminal code." Neither the Court of Appeals nor this Court has dealt with this issue in the context of Article 27, § 286(c).

The cardinal rule of statutory construction is to ascertain and effectuate the intention of the legislature. *Gargliano v. State*, 334 Md. 428, 435, 639 A.2d 675 (1994); *Hawkins v. State*, 302 Md. 143, 147, 486 A.2d 179 (1985). To determine legislative intent, we look primarily to the language of the statute itself. *Hawkins v. State*, 302 Md. at 147, 486 A.2d 179. Where the statutory provisions are unambiguous, no construction is required. *Id.* "We consider the goals or purpose to be served by the statute and the evils or mischief that the General Assembly sought to remedy and construe the statute in accordance with its general purposes and policies." *Gargliano*, 334 Md. at 435, 639 A.2d 675. In addition, we read the words of the statute "in light of the full context in which they appear, and in light of external manifestations of intent or general purpose available through other evidence." *Id.* (quoting *Cunningham v. State*, 318 Md. 182, 185, 567 A.2d 126 (1989)). This requires that § 286(c) be read in conjunction with other subsections of the statute in order to give effect to the whole statute and harmonize its provisions. *See Gargliano*, 334 Md. at 436, 639 A.2d 675.

There is nothing in the language of § 286(c) that limits the application of the enhanced penalty provisions to defendants that have been warned expressly of them at the time of a prior conviction. Moreover, the statute, read as a whole, indicates that the General Assembly intended no such limitation. For example, subsection (c)(1)(iii) states that the enhanced penalty provision is applicable to a person who previously has been convicted "[o]f an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State." Certainly, the legislature would have no reason to believe that a person convicted of a similar crime in another jurisdiction would be

warned of the enhanced penalty provisions of the Maryland statute.

Appellant cites *Gargliano*, a case that is factually different and in which the Court of Appeals considered whether the prior conviction must precede the commission of the principal offense. In *Gargliano*, the defendant sold cocaine to an undercover police officer in December 1989, January 1990, and on December 21, 1990. He was arrested for the first two sales on December 21, 1990, and subsequently convicted of two counts of distribution of cocaine. Before the defendant went to trial for the December 21, 1990 sale, the State advised of its intent to seek an enhanced sentence based on the two earlier cocaine sales. As the Court noted, the defendant "committed the December 1990 offense before he was convicted—indeed, before he was even arrested—for either of the two prior sales." *Gargliano*, 334 Md. at 432, 639 A.2d 675. In interpreting § 286(c), the Court followed the majority rule among the states that "the prior conviction [used to enhance a sentence] must precede the *commission* of the principal offense." *Id.* at 445–46, 639 A.2d 675 (emphasis in original). Because the defendant's convictions on the December 1989 and January 1990 sales did not occur prior to December 21, 1990, sentencing enhancement was improper.

Appellant uses as a springboard to his fairness argument the Court's observation in *Gargliano*, 334 Md. at 444, 639 A.2d 675, that the deterrence purpose of statutes such as § 286(c) is achieved by

fair warning to previous offenders that if they continue to commit criminal acts after having had the opportunity to reform after one or more prior contacts with the criminal justice system, they will be imprisoned for a considerably longer period of time than they were subject to as first offenders.

The *Gargliano* Court went on to say, however:

Where, as here, the defendant *has not been convicted of an earlier offense, and thereby warned about the enhanced consequences of future criminal conduct*, prior to the com-

mission of the principal offense, the imposition of an enhanced penalty is not warranted.

*Id.* at 445, 639 A.2d 675 (emphasis added). This language suggests that it is the conviction itself that warns a defendant of the enhanced penalty. Although appellant recognizes that the Court seems to conclude that an offender previously convicted of an offense has notice that subsequent criminal conduct will be harshly dealt with, he contends that that conclusion may be wrong absent an explicit warning. He argues that fairness demands that a person be subject to a mandatory sentence only if he chooses to break the law with "full knowledge" of the risk.

This Court has held, in a case involving mandatory sentences pursuant to Article 27, § 643B, that there was no obligation on the part of the trial court to advise a defendant, when he pled guilty, that he might, at some point, incur enhanced penalties as a result of the plea. *Moore v. State,* 72 Md.App. 524, 526, 531 A.2d 1026 (1987). The issue was raised in *Moore* in the context of the obligation of the court, pursuant to Rule 4–242(c)(b), to determine that a defendant understands the consequences of a plea. We concluded that possible future use of present convictions as predicate convictions for sentencing under § 643B is not a direct consequence of a guilty plea of which a person must be made aware under the Rule before the plea is accepted.[2] Section 643B deals with crimes of violence, and requires, in addition to the predicate

---

2. In *Moore,* referring to the decision in *Daley v. State,* 61 Md.App. 486, 487 A.2d 320 (1985), the Court commented that "if deportation of resident aliens based *solely* upon the conviction at issue in *Daley, supra,* is not a consequence within the meaning of Rule 4–242(c), then a fortiori the more tenuous risk of enhanced sentencing for a future crime is not." 72 Md.App. at 527, 531 A.2d 1026 (emphasis in original). Rule 4–242 has been amended to require that a defendant, if he is not a citizen of the United States, be advised that he may face additional consequences of deportation, detention, or ineligibility for citizenship and that the defendant should consult with defense counsel if he is represented and needs additional information concerning the potential consequences of the plea. The omission of advice concerning such collateral consequences of a plea, however, does not itself mandate that the plea be declared invalid. Rule 4–242(f).

conviction, prior confinement in a correctional institution. That difference, and whatever warning effect may be attached to a previous incarceration, does not persuade us that a different result should be reached.

To the extent that appellant seeks to invoke a due process claim, the Court of Appeals in *Yoswick v. State*, 347 Md. 228, 240, 700 A.2d 251 (1997) (citing *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3rd Cir.1995), *cert. denied*, 516 U.S. 1058, 116 S.Ct. 734, 133 L.Ed.2d 684 (1996)), has said that due process does not require "that a defendant be advised of the indirect or collateral consequences of a guilty plea, even if the consequences are foreseeable." The Court, citing *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973), defined a direct consequence of a guilty plea as having "a definite, immediate and largely automatic effect on the range of the defendant's punishment." The Court cited *Daley* and *Moore* as examples of collateral or indirect consequences.

The Court of Appeals, in *Hawkins, supra*, held that the enhanced punishment provisions for a third conviction of a "crime of violence" could be applied to Hawkins upon his conviction of a third crime of violence, despite the fact that his first two convictions, for daytime housebreaking, were not classified as "crimes of violence" when he committed them. *Hawkins*, 302 Md. at 147, 486 A.2d 179. If the offense is not classified by statute as a "crime of violence," the judge accepting the plea could not advise the defendant of the future enhancement potential of the conviction.

In *United States v. Johnston*, 220 F.3d 857 (8th Cir.2000), the defendant was convicted and sentenced to a life sentence pursuant to 21 U.S.C. § 841(b)(1)(a), which states that a person convicted under § 841(a) of manufacturing, distributing, dispensing, or possessing a controlled substance or counterfeit substance and who has "two or more prior convictions for a felony drug offense [that] have become final, . . . shall be sentenced to a mandatory term of life imprisonment without release." In holding that a mandatory penalty could result

from convictions incurred prior to the date of the statute's enactment, the court reasoned that a court accepting a guilty plea could not warn defendants of a mandatory penalty prior to the legislative enactment and that the statute itself constituted fair warning of the mandatory penalty. *United States v. Johnston,* 220 F.3d at 862.

The United States Supreme Court dealt with a similar contention, although the case did not involve a guilty plea. In *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the Court held that a sentencing court could consider a prior misdemeanor conviction in imposing an enhanced sentence, despite the fact that the petitioner had not had counsel at the earlier proceeding. The Court rejected the petitioner's argument that due process required that he be warned that his conviction might be used for enhancement purposes should he later be convicted of another crime. Commenting on the impracticality of such warnings, the Court said:

> Nor is it at all clear exactly how expansive the warning would have to be; would a Georgia court have to warn the defendant about permutations and commutations of recidivist statutes in 49 other States, as well as the criminal history provision of the Sentencing Guidelines applicable in federal courts? And a warning at the completely general level—that if he is brought back into court on another criminal charge, a defendant such as [himself] will be treated more harshly—would merely tell him what he must surely already know.

*Nichols v. United States,* 511 U.S. at 748, 114 S.Ct. 1921.

In *State v. Nilson,* 364 N.W.2d 532 (S.D.1985), the defendant, when he pled guilty to two prior charges of driving while intoxicated, was warned that the offenses could be used for enhancement purposes for four years. Thereafter, the time period during which prior offenses would cause an enhanced penalty was increased from four to five years. The court held that the defendant could be sentenced as a third time offender, despite the fact that one of the offenses had occurred more

than four years prior to the third offense. The five year warning could not have been given at the time of his guilty plea because that was not the law at the time.

Based upon our review of both the language and the purpose of the statute, we hold that the enhanced penalty provisions of Article 27, § 286(c) are applicable without explicit warning of the potential consequences of a subsequent conviction at the time a plea of guilty is accepted. The enhanced penalty is not a direct consequence of the plea itself, but rather a consequence of the person's future conduct. The prior conviction itself should constitute adequate warning that continuation of the same conduct will potentially result in a more harsh punishment. It is not essential that a defendant have conscious knowledge of a statutory provision because, as the State points out, every person is presumed to know the law. *Benik v. Hatcher,* 358 Md. 507, 532, 750 A.2d 10 (2000); *Rice v. State,* 136 Md.App. 593, 605, 766 A.2d 663 (2001).

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**